995 So.2d 587 (2008)
A.W., Father of S.B., A Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D08-1238.
District Court of Appeal of Florida, Fifth District.
November 10, 2008.
Shannon L. Reynolds, Ocala, for Appellant.
Frances S. Childers, Ocala, for Appellee.
GRIFFIN, J.
A.W. ["Father"] appeals an order adjudicating his daughter, S.B. ["the child"], to be dependent. Father contends that the evidence presented does not support the trial court's dependency finding.
The infant child was sheltered and later declared dependent as to her mother, L.B. ["Mother"], on May 15, 2007, and was placed with her maternal great aunt [the "caregiver"]. Mother named a boyfriend, M.W., as the father. Genetic testing proved, however, that M.W. was not the child's father. At a court hearing, Mother named a second man, J.S. as the child's *588 father.[1] After Father learned that M.W. was not the biological father, he had his wife call the caregiver and inform her that he might be the child's father. DNA testing on December 11, 2007, showed he was the child's father. An order establishing Father's paternity was entered on February 22, 2008.
DCF filed a supplemental dependency petition naming Father. The petition alleged that Father failed to assert his possible paternity, abandoned the child, failed to provide for the child and failed to establish or maintain contact with the child. After an adjudicatory hearing was held on March 18, 2008, the trial court found that the child was dependent as to Father based on several factors, including moral and ethical conflicts,[2] his failure to have contact with the child, his failure to support the child and other factors that the trial court found evinced a lack of settled purpose to assume all parental responsibility for the child. Based on the trial court's findings and the quantum of proof required for dependency, we affirm. Because of Father's proactive conduct, this is a close case, but there is evidence in the record that would support the trial court's conclusion.
AFFIRMED.
PALMER, C.J., and COHEN, J., concur.
NOTES
[1] Mother also named a third man as a potential father.
[2] For example, the record shows that Father favored an open adoption agreement by the current caregivers.